**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **SANTIAGO SERRANO VARGAS** | § | |
| **PLAINTIFF** | § | |
| | § | |
| | § | **CIVIL ACTION NO. 4:14-CV-00801-Y** |
| **VS.** | § | |
| | § | |
| | § | |
| **FAST INVESTMENTS, LLC D/B/A** | § | |
| **AZLE CAR WASH; RICHARD L.** | § | |
| **WIGGINS; MARY A. WIGGINS; AND** | § | |
| **MICHAEL L. WIGGINS** | § | |
| **DEFENDANTS** | | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED PLEADING**

**TO THE HONORABLE TERRY R. MEANS**,
**UNITED STATES DISTRICT JUDGE:**

Plaintiff Santiago Serrano Vargas requests leave of court to file an amended complaint.

**A. INTRODUCTION**

1. Plaintiff is Santiago Serrano Vargas; defendants are Fast Investments, LLC d/b/a Azle Car Wash; Richard L. Wiggins; Mary A. Wiggins; and Michael L. Wiggins.

2. Plaintiff sued defendant for wages due under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 (2013); the Texas Minimum Wage Act, V.T.C.A., Labor Code § 62.001; and for a workplace injury involving a workers' compensation non-subscriber under state law.

3. Plaintiff filed the suit in State District Court and was removed.

4. Plaintiff has not sought to amend his pleading since the case was removed.

**B. ARGUMENT**

5.  Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

14. Plaintiff is attaching the complaint as Exhibit 1 to this motion.

**C. CONCLUSION**

15. For the foregoing reasons, Plaintiff Santiago Serrano Vargas respectfully asks the Court to grant leave to file the amended pleading.

Respectfully submitted,

s/ Jerry Murad, Jr.
By:_____
Jerry Murad, Jr.
Law Office of Jerry Murad
TX. Bar No. 00784654
P.O. Box 470067
Fort Worth, Texas  76147
Tel. 817-335-5691
Fax 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
Email: jerrymurad@mac.com
Attorney of Record for
Plaintiff Santiago Serrano Vargas

**CERTIFICATE OF CONFERENCE**

A conference was had with Ms. Laura Elkind counsel for all Defendants on January 20, 2015 by telephone and she is opposed to this motion.  By letter received post conference Ms. Elkind maintains that the motion is brought in bad faith among other points.  For this reason and others, agreement could not be reached.

s/ Jerry Murad, Jr.

_____

Jerry Murad, Jr.

**CERTIFICATE OF SERVICE**

I certify that on January 20, 2015, a copy of *Plaintiff's Motion for Leave to File Amended Pleading* was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing.

s/ Jerry Murad, Jr.

_____

Jerry Murad, Jr.

EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **SANTIAGO SERRANO VARGAS** | § | |
| **PLAINTIFF** | § | |
| | § | |
| | § | **CIVIL ACTION NO. 4:14-CV-00801-Y** |
| **VS.** | § | |
| | § | |
| | § | |
| **FAST INVESTMENTS, LLC D/B/A** | § | |
| **AZLE CAR WASH; RICHARD L.** | § | |
| **WIGGINS; MARY A. WIGGINS; AND** | § | |
| **MICHAEL L. WIGGINS** | § | |
| **DEFENDANTS** | | |

**PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT[1]**

**TO THE HONORABLE TERRY R. MEANS,
UNITED STATES DISTRICT JUDGE:**

**I.**

**INTRODUCTORY STATEMENT**

1.  This is an action for monetary damages sustained by a person within the

jurisdiction of the United States.  Plaintiff has brought claims for violations of

the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 (2013), pertaining to

failure to pay the minimum wage and overtime; violations of the Texas

Minimum Wage Act, V.T.C.A., Labor Code § 62.001; and a personal injury

claim arising out of a workplace injury sustained at the business of a non-

---

[1] This Complaint is Plaintiff's first in Federal Court after Removal.  Plaintiff previously
filed in state court *Plaintiff's Original Petition (Doc. 1-3); Plaintiff's First Amended
Petition (Doc. 1-6); Plaintiff's First Supplement to Plaintiff's First Amended Original
Petition (Doc. 1-7); and Plaintiff's Second Supplement to Plaintiff's First Amended
Original Petition (Doc. 1-11).*

subscriber for purposes of the Texas Workers' Compensation Act, V.T.C.A., Labor Code § 401.001.

2. This case was originally filed in the 141st Judicial District Court of Tarrant County, Texas and was subsequently removed pursuant to 28 U.S.C. § 1441(c) (2013).  (Doc. 1)

## II.

## PARTIES

3. Plaintiff, Santiago Serrano Vargas is an individual and a Texas resident.

4. Defendant, Fast Investments, LLC d/b/a Azle Car Wash is a Texas Limited Liability Company, has been served, answered herein, and is before the Court for all purposes.

5. Defendant, Richard L. Wiggins is an individual and resident of Parker County, Texas has answered herein and is before the Court for all purposes.

6. Defendant, Mary A. Wiggins is an individual and resident of Parker County, Texas has been served, answered herein, and is before the Court for all purposes.

7. Defendant, Michael L. Wiggins is an individual and resident of Parker County, Texas has answered herein and is before the Court for all purposes.

### III.

### <u>JURISDICTION</u>

8.  The Court has jurisdiction (Federal Question) over the FLSA claim because the claim arises under the Fair labor Standards Act of 1938, 29 U.S.C. § 201 (2013).  The claim arises under the laws of the United States.

9.  The Court has supplemental jurisdiction under 28 U.S.C. §1367 (2013) over Plaintiff's claim made pursuant to the Texas Minimum Wage Act, V.T.C.A. Labor Code §62.001, because plaintiff's claims are so related to the claims within the Court's Federal Question Jurisdiction that they form part of the same case or controversy under Article 3 of the U.S. Constitution.  The Texas Minimum Wage Act applies in those instances where the Fair labor Standards Act does not provide coverage.

10.  The Court has jurisdiction over the workplace injury claim pursuant to 28 U.S.C. §1441(c)(B) (2013).

### IV.

### <u>VENUE</u>

11.  Venue is proper in this district under 28 U.S.C. § 1391(b)(2) (2013) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**V.**

**FACTUAL ALLEGATIONS**

12.   Defendant Fast Investments, LLC d/b/a Azle Car Wash at all relevant times has three members and no more.

13.  Those three members of Defendant Fast Investments, LLC d/b/a Azle Car Wash are the following: Defendant Richard L. Wiggins; Defendant Mary A. Wiggins; and Defendant Michael L. Wiggins.  All of whom are family members.

14.   Defendant Richard L. Wiggins is the President of Defendant Fast Investments, LLC d/b/a Azle Car Wash.

15.   Defendant Mary A. Wiggins is the Secretary and registered agent for service of process of and for Defendant Fast Investments, LLC d/b/a Azle Car Wash.

16.   Defendant Michael L. Wiggins is the Vice-President of Defendant Fast Investments, LLC d/b/a Azle Car Wash.

17.   Defendant Fast Investments, LLC d/b/a Azle Car Wash operates a full-service car wash at 200 Speer Street, Azle, Parker County, Texas.

18.   The full-service car wash accepts cash, debit cards, American Express, Discover, MasterCard, Visa, and checks.

19.   The full-service car wash is open to customers from 8:00 a.m. till 6:00 p.m., Monday through Saturday.

20.   The full-service car wash is sometimes open on Sundays.

21.   Defendant Fast Investments LLC, d/b/a Azle Car Wash is a member of the Southwest Car Wash Association, an industry trade group.

22.  Defendant Fast Investments, LLC d/b/a Azle Car Wash operates a self-serve car wash at 150 Speer Street, Azle, Parker County, Texas.

23.  The self-serve car wash is an exclusively cash only operation.

24.  The self-serve car wash consists of 4 wash bays and a separate area with multiple vacuum cleaners.

25.  The vacuum cleaners are coin (currency) operated.

26.  The self-serve car wash is machine operated for purposes of accepting payments.  These machines do not accept credit or debit cards and only accept coins and paper currency.

27.  There are validators in each of the 4 wash bays.  The validators accept one dollar and five dollar bills and coins.

28.  The self-serve car wash operation is open 24 hours a day, 7 days a week.

29. The full-service car wash and the self-service car wash are located next to each other and are collectively operated and known as the Azle Car Wash.

30.  The full-service car wash offers multiple wash options including the following: a basic or Express Wash for $7.00; Supreme Wash for $12.00; a second Express Wash that includes interior cleaning for $15.00; the Complete Wash for $17.00; the Supreme Wash for $23.00; and the Complete Wash for $32.00.

31.  In addition to the washes referenced in paragraph 30 *supra* a Full Service Detail is offered with price details provided by the manager.  The price for such services are in excess of $100.00.

32.  The full service wash offers various products and services that may be applied to the customer's vehicle such as Fragrance $1.00; Tire Dressing $3.00; Shampoo Mats $10.00; Exterior Dressing $10.00; Engine Wash $20.00; and Dura Shield $3.00.

33.  In addition the full-service car wash offers Hand Cleaned Wheels.

34.  The full-service car wash with some of the washes offers 24 and 48 hour rain guarantees with receipt.

35.  Defendant Fast Investments, LLC d/b/a Azle Car Wash uses car wash detergent manufactured by Ecolab.

36.  Ecolab is headquartered in St. Paul, Minnesota.

37.  Defendant Fast Investments, LLC d/b/a Azle Car Wash uses Lustra Professional Car Care Products.

38.  Lustra Professional Car Care Products are a division of Cleaning Systems Inc.

39.  Cleaning Systems Inc. is headquartered in De Pere, Wisconsin where the products are manufactured or are manufactured in Sharonville, Ohio.

40.  Defendant Fast Investments, LLC d/b/a Azle Car Wash uses Spectrum Tire & Wheel Cleaner which is a Lustra Professional Car Care Product.

41.  Defendant Fast Investments, LLC d/b/a Azle Car Wash uses Spectrum Low-Pressure Purple Presoak which is a Lustra Professional Car Care Product.

42.  Defendant Fast Investments, LLC d/b/a Azle Car Wash uses Spectrum High-Pressure Detergent which is a Lustra Professional Car Care Product.

43.  Defendant Fast Investments, LLC d/b/a Azle Car Wash uses products from Blendco Systems.

44.  Blendco Systems is a division of DuBois Chemicals.

45.  Blendco Systems manufactures detergents, polishes, and protectants for the car wash industry for over 30 years.

46.  Blendco Systems manufactures its products in Bristol, Pennsylvania.

47.  Defendant Fast Investments, LLC d/b/a Azle Car Wash uses a product at its car wash called Dura Shield.

48.  Dura Shield is manufactured by Blendco Systems.

49.  Plaintiff Santiago Serrano Vargas was an employee of Defendant Fast Investments, LLC d/b/a Azle Car Wash.

50.  Plaintiff Santiago Serrano Vargas was employed by Defendant Fast Investments, LLC d/b/a Azle Car Wash from March 2011 through part of July 2013.

51.  As an employee of Defendant Fast Investments, LLC d/b/a Azle Car Wash Plaintiff Santiago Serrano Vargas performed various jobs including but not limited to wiping down cars, drying cars, cleaning car windows, vacuuming cars, cleaning tires and wheels, cleaning the self-serve wash bays, emptying the trash, and unloading delivery vehicles.

52.  Plaintiff Santiago Serrano Vargas engaged in the unloading of delivery vehicles of products for the car wash which included but was not limited to car wash

detergent, wax, and other products that Defendant Fast Investments, LLC d/b/a Azle Car Wash utilized in its various car wash operations.

53.  It is believed that those products referred to in paragraph 52 *supra* included Lustra Professional Car Care Products.

54.  It is believed that those products referred to in paragraph 52 *supra* included product manufactured by Blendco Systems.

55.  On multiple occasions Plaintiff Santiago Serrano Vargas was instructed to take a customer's credit and or debit card and process the payment transaction through the equipment that Defendant Fast Investments, LLC d/b/a Azle Car Wash utilizes for such purposes.

56.  Defendant Richard L. Wiggins was the employment manager for Defendant Fast Investments, LLC d/b/a Azle Car Wash at the time that Plaintiff Santiago Serrano Vargas was hired by Defendant Fast Investments, LLC d/b/a Azle Car Wash.

57.  Defendant Richard L. Wiggins personally signed and approved the employment application of Plaintiff Santiago Serrano Vargas.

58.  Defendant Richard L. Wiggins approved the starting pay of plaintiff Santiago Serrano Vargas at an hourly rate of $7.25.

59.  Defendant Richard L. Wiggins at all times relevant was aware that the minimum wage was $7.25 per hour.

60.  Defendant Mary A. Wiggins at all times relevant was aware that the minimum wage was $7.25 per hour.

61.  Defendant Michael L. Wiggins at all times relevant was aware that the minimum wage was $7.25 per hour.

62.  Defendant Richard L. Wiggins personally approved and signed off on Plaintiff Santiago Serrano Vargas' weekly salary of $350.00.

63.  Plaintiff Santiago Serrano Vargas was misclassified as a salaried employee for purposes of being paid a salary.

64.  A weekly salary of $350.00 is well below the Federally mandated minimum for purposes of being paid a salary.

65.  Defendant Fast Investments, LLC d/b/a Azle Car Wash has engaged in a practice of violating the Federal minimum wage law.

66.  Defendant Fast Investments, LLC d/b/a Azle Car Wash has engaged in a practice of violating the state minimum wage law.

67.  Defendant Richard L. Wiggins is a member of RMW Investments, LLC.

68.  Defendant Mary A. Wiggins is a member of RMW Investments, LLC.

69.  Defendant Richard L. Wiggins is President of RMW Investments, LLC.

70.  Defendant Mary A. Wiggins is Vice-President of RMW Investments, LLC.

71.  Defendant Richard L. Wiggins played an active role in the supervision of Plaintiff Santiago Serrano Vargas while he was employed at the Azle Car Wash.

72.  Defendant Michael L. Wiggins played an active role in the supervision of Plaintiff Santiago Serrano Vargas while he was employed at the Azle Car Wash.

73.  Defendant Fast Investments, LLC d/b/a Azle Car Wash hired Juan Aldaco to work at the car wash.

74.  Initially Juan Aldaco was paid the minimum wage of $7.25 per hour.

75.  At the time Juan Aldaco was being paid the hourly $7.25 wage he was working

     less than 40 hours in a single work week.

76.  Juan Aldaco was put on a weekly salary of $300.00.

77.  Juan Aldaco did not supervise anyone.

78.  Juan Aldaco was not a manager.

79.  Juan Aldaco's job duties involved vacuuming the inside of cars, drying cars,

     cleaning car windows, cleaning tires, cleaning door jams, cleaning the bays of the

     self-serve wash and emptying trash.

80.  Juan Aldaco's work hours were well in excess of 40 hours in a single work-week

     after he was placed on salary.

81.  After Juan Aldaco was placed on salary, he would work sometimes as much as

     60 hours in a single work-week.

82.  Even though Mr. Aldaco was working well in excess of 40 hours in a single

     work-week his weekly salary was well below the minimum wage of $7.25 an

     hour.

83.  Juan Aldaco was misclassified as a salaried employee.

84.   Even if Juan Aldaco had not been misclassified as a salaried employee his

     weekly salary was significantly below the federally mandated minimum weekly

     salary.

85.  Juan Aldaco was placed on salary by Defendant Michael L. Wiggins.

86.  Juan Aldaco's work at the car wash was directed at times by Defendant Richard L. Wiggins.

87.  Juan Aldaco's work at the car wash was directed at times by Defendant Michael L. Wiggins.

88.  Juan Aldaco left his employment with Defendant Fast Investments, LLC d/b/a/ Azle Car Wash because he found a better job.

89.  Since leaving the employment of Azle Car Wash, Juan Aldaco was sent a criminal trespass warning.

90.  Since leaving the employment of Azle Car Wash Juan Aldaco has been intimidated by Defendant Richard L. Wiggins in the form of being subjected to an offensive gesture by Defendant Richard L. Wiggins directed at Juan Aldaco while Juan Aldaco was in the parking lot of a business located across the street from the Azle Car Wash.

91.  Juan Aldaco has been further harassed by Defendant Richard L. Wiggins when Defendant Richard L. Wiggins obstructed Juan Aldaco's motor-vehicle by standing in front of Mr. Aldaco's motor-vehicle.

92.  The *Declaration Under Penalty of Perjury of Juan Daniel Aldaco Araujo* is attached as Exhibit A and is fully incorporated herein for all purposes.

93.  Defendant Fast Investments, LLC d/b/a Azle Car Wash has a pattern and practice of misclassification of employees.

94.   Geymer Aparicio has worked at Azle Car Wash for a period of time that overlaps with part or all of the time that Plaintiff Santiago Serrano Vargas was employed at Azle Car Wash.

95.   Geymer Aparicio wipes down cars among other duties.

96.   Geymer Aparicio is not a manager at Azle Car Wash.

97.  Geymer Aparicio is not a supervisor at Azle Car Wash.

98.   Geymer Aparicio has no one working underneath him at Azle Car Wash.

99.   Geymer Aparicio is subject to the managerial and supervisory control of Defendant Richard L. Wiggins.

100.       Geymer Aparicio is subject to the managerial and supervisory control of Defendant Michael L. Wiggins.

101.       Geymer Aparicio work hours are set and controlled by Defendant Fast Investments, LLC d/b/a Azle Car Wash.

102.       The tools, materials, and products that Geymer Aparicio uses in his work related activities at Azle Car Wash are provided to Geymer Aparicio by Defendant Fast Investments, LLC d/b/a Azle Car Wash.

103.       Defendant Fast Investments, LLC d/b/a Azle Car Wash by and through its agents, servants, and employees classified Geymer Aparicio as an independent contractor.

104.       Defendant Fast Investments, LLC d/b/a Azle Car Wash provided Geymer Aparicio with an Internal Revenue Service Form 1099.

105.     Geymer Aparicio is an employee of Defendant Fast Investments, LLC d/b/a and is not an independent contractor.

106.     Defendant Fast Investments, LLC d/b/a Azle Car Wash has misclassified Geymer Aparicio as an independent contractor.

107.      At all relevant times, Defendant Fast Investments, LLC d/b/a Azle Car Wash has been an "enterprise" engaged in commerce as defined by the Fair Labor Standards Act of 1938, 29 U.S.C. § 203 (2013).  Plaintiff believes that this contention will likely have evidentiary support after additional investigation and discovery.

108.     Defendants are required under the Fair Labor Standards Act of 1938, 29 U.S.C. § 211(c) (2013) to keep and preserve records of the hours worked by Plaintiff Santiago Serrano Vargas.

109.     Defendants failed to keep and preserve the records contemplated by the Fair Labor Standards Act of 1938, 29 U.S.C. § 211(c) (2013).

110.     At all relevant times, Defendants have been an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning as defined by the Fair Labor Standards Act of 1938, 29 U.S.C. § 203 (2013).

111.     At all relevant times, Plaintiff Santiago Serrano Vargas was engaged in interstate commerce while performing his job duties at Azle Car Wash.

112.     For anytime that Plaintiff Santiago Serrano Vargas is not covered by the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 (2013) the Texas Minimum

Wage Act, V.T.C.A., Labor Code § 62.001 covers Plaintiff Santiago Serrano Vargas.

113.      Throughout the course of every week that Plaintiff Santiago Serrano Vargas was employed at Azle Car Wash he was covered under either the Fair Labor Standards Act of 1938 or the Texas Minimum Wage Act.

114.      Coverage under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 (2013) is by the week.

115.      The Texas Minimum Wage Act, V.T.C.A., Labor Code § 62.001 provides coverage to Plaintiff Santiago Serrano Vargas for any week that Plaintiff is not covered under the Fair Labor Standards Act of 1938, 29 U.S.C § 201 (2013).

116.      For any period of time that Plaintiff Santiago Serrano Vargas is covered under the Fair Labor Standards Act of 1938 that coverage is based either through "enterprise" coverage or individual coverage or both.

117.      With the exception of a brief period of time Defendants have failed to keep and maintain time and attendance records for Plaintiff Santiago Serrano Vargas.

118.      Plaintiff Santiago Serrano Vargas was required to be at work at the Azle Car Wash before its opening at 8:00 a.m.

119.      The reason that Plaintiff Santiago Serrano Vargas had to be at the Azle Car Wash prior to opening was to assist in making the Azle Car Wash ready for opening.  This included duties such as connecting the vacuum hoses for the day's car cleaning.

120.    Plaintiff Santiago Serrano Vargas was required to stay on duty after the Azle Car Wash closed so as to assist in closing down the car wash after the day's washes.  This included activities such as putting the vacuum hoses away.

121.    There were days when the last motor-vehicle to go through the full-service car wash tunnel was after the car wash closing time of 6:00 p.m.

122.    The end of the closing activities of the car wash which Plaintiff Santiago Serrano Vargas participated in could not be completed until all the vehicles had completed the wash process.

123.    While Plaintiff Santiago Serrano Vargas was on salary he was required to report for work usually at 7:30 a.m. to 7:45 a.m. and worked till 6:00 p.m. to 6:30 p.m. depending on what was happening that day.

124.    Rarely was Plaintiff Santiago Serrano Vargas afforded breaks or time for a proper lunch.

125.    Plaintiff Santiago Serrano Vargas was subject to the managerial and supervisory control of Defendant Richard L. Wiggins.

126.    Plaintiff Santiago Serrano Vargas was subject to the managerial and supervisory control of Defendant Michael L. Wiggins.

127.    The actions of Defendants with regard to violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 255(a) (2013)  were willful; therefore a three year statute of limitations applies.

128.    At the time of the FLSA violations the Defendants knew or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT                                    15

129.    Plaintiff Santiago Serrano Vargas is entitled to recover a reasonable estimation of what his damages are as those damages apply to his minimum wage claims.

130.    Defendants in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 206 (2013) did not pay Plaintiff Santiago Serrano Vargas the minimum wage.

131.    Defendants in violation of the Texas Minimum Wage Act, V.T.C.A., Labor Code § 62.051 failed to pay Plaintiff Santiago Serrano Vargas the minimum wage.

132.    Defendants in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 207 (2013) failed to pay Plaintiff Santiago Serrano Vargas overtime at one and one-half of his regular rate of pay for those hours worked in excess of 40 hours in a single work week.

133.    Defendants' actions and omissions which resulted in minimum wage violations were not undertaken in the reasonable, good faith belief that their conduct complied with the requirements of the FLSA, thus entitling Plaintiff Santiago Serrano Vargas to liquidated damages equal to any back wages found due Plaintiff.

134.    Plaintiff Santiago Serrano Vargas is entitled to a civil penalty from Defendants under the Texas Minimum Wage Act, V.T.C.A., Labor Code § 62.210, of liquidated damages equal to any back wages found due Plaintiff.

135.    Plaintiff needs records and information contained in the records and personal knowledge of the Defendants that will enable Plaintiff Santiago Serrano

Vargas to ascertain and know with more certainty which weeks are subject to the provisions of the Fair Labor Standards Act of 1938 and which weeks are subject to the Texas Minimum Wage Act.

136.     Attached as Exhibit B and incorporated for all purposes is Plaintiff Santiago Serrano Vargas' consent to sue under the Fair Labor Standards Act.

137.     Attached as Exhibit C is Plaintiff Santiago Serrano Vargas' consent to sue under the Texas Minimum Wage Act.

138.      On or about the morning of March 21, 2013 Plaintiff Santiago Serrano Vargas was ordered by Defendant Fast Investments, LLC d/b/a Azle Car Wash through its agents, servants, and employees to effectuate a repair of car wash equipment in the full-service car wash tunnel.

139.      While Plaintiff Santiago Serrano Vargas was effectuating the repair referenced in paragraph 138 *supra* he injured his hand.

140.     The injury to Plaintiff Santiago Serrano Vargas' hand resulted when equipment at the car wash was activated without warning by agents, servants, and employees of Defendant Fast Investments, LLC d/b/a Azle Car Wash.

141.     The activation of the equipment without warning to Plaintiff Santiago Serrano Vargas was a proximate cause of the injury to Plaintiff's hand.

142.     As a result of the workplace injury described above Plaintiff Santiago Serrano Vargas required medical attention.

143.     Plaintiff Santiago Serrano Vargas suffered multiple fractures of his hand and other injuries.

144.    Plaintiff Santiago Serrano Vargas was taken to hospital for treatment of injuries that he sustained as a result of the workplace injury.

145.    Plaintiff Santiago Serrano Vargas had to go through physical therapy and other medical treatments for the injuries that he sustained on the day in question.

146.    Prior to and at the time of the injury Plaintiff Santiago Serrano Vargas was in the course and scope of his employment with Defendant Fast Investments, LLC d/b/a Azle Car Wash.

147.    Defendant Fast Investments, LLC d/b/a Azle Car Wash by and through it agents, servants, and employees failed to check and see that it was safe to activate the equipment in question and that persons such as Plaintiff Santiago Serrano Vargas were not in harm's way prior to activating the equipment in question which activation of said equipment resulted in the injury to Plaintiff Santiago Serrano Vargas.

148.    The injury to Plaintiff Santiago Serrano Vargas was foreseeable.

149.    Defendant Fast Investments, LLC d/b/a Azle Car Wash by and through it agents, servants, and employees failed to provide a safe workplace.

150.    Defendant Fast Investments, LLC d/b/a Azle Car Wash by and through it agents, servants, and employees engaged in a dangerous activity.

151.    Defendant Fast Investments, LLC d/b/a Azle Car Wash by and through it agents, servants, and employees failed to warn Plaintiff Santiago Serrano Vargas prior to activating the equipment.

152.     Defendant Fast Investments, LLC d/b/a Azle Car Wash by and through it agents, servants, and employees failed to ensure that the zone of danger was free of personnel such as Plaintiff Santiago Serrano Vargas prior to activating the equipment.

153.     The acts and omissions of Defendant Fast Investments, LLC d/b/a Azle Car Wash through its agents, servants, and employees was the proximate cause of the injuries sustained by Plaintiff Santiago Serrano Vargas.

154.     The acts and omissions of Defendant Fast Investments, LLC d/b/a Azle Car Wash were reckless and showed a reckless disregard for Plaintiff Santiago Serrano Vargas.

155.     Defendant Fast Investments, LLC d/b/a Azle Car Wash is a nonsubscriber for purposes of Texas Workers' Compensation Act, V.T.C.A., Labor Code § 406.033 and is therefore not entitled to defenses at common law as mandated by the statute.

## VI.

## CAUSES OF ACTION

## COUNT 1

## THE FAIR LABOR STANDARDS ACT OF 1938

156.     Plaintiff Santiago Serrano Vargas fully incorporates herein by reference paragraphs 12-155.

157.     Defendants failed to pay Plaintiff Santiago Serrano Vargas the minimum
wage.

158.     Defendants failed to pay Plaintiff Santiago Serrano Vargas overtime at a
rate of at least one and one-half times the regular rate, in this case at the regular
rate of $7.25 per hour.

159.     Plaintiff Santiago Serrano Vargas is entitled to liquidated damages equal
to the back wages.

160.     Defendants' Violations of the Fair Labor standards Act of 1938 are willful,
therefore a three –year statute of limitations applies under the Fair Labor
Standards Act of 1938, 29 U.S.C. § 255(a) (2015).

161.     Plaintiff Santiago Serrano Vargas is entitled to attorney fees and costs.

## COUNT 2

## THE TEXAS MINIMUM WAGE ACT

162.     Plaintiff Santiago Serrano Vargas fully incorporates herein by reference
paragraphs 12-155.

163.     For those weeks that Plaintiff Santiago Serrano Vargas is not covered
pursuant to the Fair Labor Standards Act of 1938, Plaintiff claims the minimum
wage of $7.25 an hour as provided for under the Texas Minimum Wage Act.

164.     Plaintiff Santiago Serrano Vargas is entitled to liquidated damages equal
to the back wages under the Texas Minimum Wage Act.

165.     Plaintiff Santiago Serrano Vargas is entitled to attorney fees and costs.

## COUNT 3

## WORKPLACE INJURY

## NEGLIGENCE

166.    Plaintiff Santiago Serrano Vargas fully incorporates herein by reference paragraphs 12-155.

167.    The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendant Fast Investments, LLC d/b/a Azle Car Wash by and through its agents, servants, and employees, in one or more of the following respects but not limited to the following:

168.    By failing to provide a safe workplace.

169.    By engaging in dangerous activities.

170.    By failing to ensure that the danger zone was free of personnel such as Plaintiff Santiago Serrano Vargas prior to activating the equipment that was involved in Plaintiif Santiago Serrano Vargas' workplace injury.

171.    By failing to warn personnel such as Plaintiff prior to activating the equipment.

**VII.**

**DAMAGES**

**A.  FAIR LABOR STANDARDS ACT**

172.      Plaintiff Santiago Serrano Vargas fully incorporates herein by reference

paragraphs 12-155.

173.      Plaintiff seeks all damages he is entitled to at common law and by statute.

174.      Plaintiff seeks all back pay due Plaintiff to include the difference between

what Plaintiff was actually paid and the minimum wage for all hours worked.

175.      All back pay for failure to pay overtime at time and a half for hours worked

in excess of 40 in any workweek.

176.      Liquidated damages for all back pay found to be due.

177.      Attorney fees and costs pursuant to the Fair Labor Standards Act of 1938,

29 U.S.C. § 216(b) (2013).


**B. TEXAS MINIMUM WAGE ACT**

178.      Plaintiff Santiago Serrano Vargas fully incorporates herein by reference

paragraphs 12-155.

179.      Plaintiff seeks all damages he is entitled to at common law and by statute.

180.      Plaintiff seeks damages pursuant to the Texas Minimum Wage Act for all

unpaid wages plus an additional civil penalty representing liquidated damages in

an amount equal to the unpaid back pay.

181.    Plaintiff seeks reasonable attorney's fees and costs of this action under the Texas Minimum Wage Act, V.T.C.A., Labor Code § 62.205.

## C.  WORKPLACE INJURY

182.    Plaintiff Santiago Serrano Vargas fully incorporates herein by reference paragraphs 12-155.

183.    Plaintiff seeks all damages he is entitled to at common law and by statute.

184.    As a result of the occurrence described above, Plaintiff has incurred the following damages both past and future:

185.    Physical Pain and Mental Anguish;

186.    Disfigurement;

187.    Physical Impairment; and

188.    Medical Care, the Charges of which and the Necessity of which were Reasonable and Necessary for the County in which they were Provided and Incurred.

## VIII.

## PRAYER

189.    Wherefore, Plaintiff Santiago Serrano Vargas prays that Defendants, Fast Investments, LLC, d/b/a Azle Car Wash; Richard L. Wiggins; Mary A. Wiggins; and Michael L. Wiggins on final trial, Plaintiff have:

190.    Judgment against Defendants, jointly and severally, for a sum within the

jurisdictional limits of this Court for Plaintiff's damages as described above, with

pre-judgment and post-judgment interest at the highest legal rate;

191.    All damages;

192.    Costs of suit;

193.    Attorney's Fees;

194.    Costs;

195.    And such other and further relief, both general and special, at law or in

equity, to which Plaintiff may show himself to be justly entitled.


Respectfully submitted,

s/ Jerry Murad, Jr.
By:_____
Jerry Murad, Jr.
Law Office of Jerry Murad
TX. Bar No. 00784654
P.O. Box 470067
Fort Worth, Texas  76147
Tel. 817-335-5691
Fax 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
Email: jerrymurad@mac.com
Attorney of Record for
Plaintiff Santiago Serrano Vargas

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 20, 2015, a copy of *Plaintiff's Second Amended Original Complaint* was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing.


s/ Jerry Murad, Jr.

_____

Jerry Murad, Jr.

EXHIBIT A

## DECLARATION UNDER PENALTY OF PERJURY OF JUAN DANIEL ALDACO ARAUJO

1) "I declare under penalty of perjury that the foregoing is true and correct."

2) "My name is Juan Daniel Aldaco Araujo.  I am competent to make this declaration.  The facts stated in this declaration are within my personal knowledge and are true and correct."

3) "I began working at Azle Car Wash in Azle, Texas in March 2011."

4) "When I first began working at the Azle Car Wash I was paid $7.25 an hour."

5) "While I was being paid $7.25 an hour I don't recall ever working more than 40 hours in a single work week.  However I do recall that there were times that I was clocked in after I began work not when I began work and clocked out before I completed work.  The manager would do this."

6) "One of the owners, Michael Wiggins came to me and said that he would put me on a weekly salary."

7) "The salary was $300.00 per week."

8) "While I was on salary my average work day began between 7:30 a.m. and 7:45 a.m. and ended between 6:00 p.m. and 6:30 p.m. and I worked 6 days a week.  There were days when my hours were different."

9) 'The above referenced work hours are an estimation because there were days that were shorter for various reasons."

10) 'My job duties consisted of vacuuming the inside of cars, drying cars, cleaning car windows, cleaning tires, cleaning door jams, and cleaning the bays of the self-serve wash and emptying the trash."

JA

1

11) "Richard Wiggins and Michael Wiggins in addition to the manager would tell me what to do while at work at the Azle Car Wash."

12) "There were times when I would unload a delivery vehicle which contained chemicals for the car wash such as car wash detergent and other products."

13) "I was not afforded a proper lunch break when I was on salary."

14) "Sometimes I was provided a lunch by Michael Wiggins.  I was only given approximately 5 minutes to eat the lunch."

15) "I did not manage or supervise anyone."

16) "On average I was working approximately 60 hours a week."

17) "In November 2014 I left my employment at Azle Car Wash because I got a better job."

18) "Laura Elkind sent me a criminal trespass warning with regard to the Car Wash."

19) "On December 4, 2014 I was eating my lunch that I had purchased at the McDonald's which is close to my current employment and across the street from Azle Car Wash."

20) "While eating my lunch on December 4, 2014 at the Family Dollar Parking lot which is also across the street from the Azle Car Wash, Richard Wiggins proceeded to make an offensive gesture directed at me which I found to be intimidating.  I was also apparently being filmed by Mary Wiggins."

21) "On December 4, 2014 Richard Wiggins placed his body in front of my car preventing me from moving forward and gave my license plate number to someone that he was speaking with on the phone."

JA

2

22) "I was not fired from Azle Car Wash.  To my knowledge there was not a problem with my work."

EXECUTED on _Jan 18_____, 20 15. At _Springtown, TX_____.

_Juan Aldaco_____
Juan Daniel Aldaco ~~Arajuo~~ Araujo        JA

EXHIBIT B

I, SANTIAGO SERRANO VARGAS HEREBY CONSENT TO BECOME A PARTY TO A LAWSUIT FILED IN STATE DISTRICT COURT AGAINST FAST INVESTMENTS, LLC D/B/A AZLE CAR WASH; RICHARD L. WIGGINS; MARY A. WIGGINS; AND MICHAEL L. WIGGINS PURSUANT TO THE FAIR LABOR STANDARDS ACT OF 1938 29 U.S.C. § 201.

SIGNED THIS 22ND DAY OF AUGUST, 2014.

*Santiago Serrano*
SANTIAGO SERRANO VARGAS

EXHIBIT C

**Cause No. 141-273892-14**

| | | |
|---|---|---|
| **SANTIAGO SERRANO VARGAS,**<br>**PLAINTIFF** | § <br> § <br> § <br> § <br> § | **IN THE DISTRICT COURT** |
| **Vs.** | § <br> § <br> § <br> § | **141st JUDICIAL DISTRICT** |
| **FAST INVESTMENTS, LLC D/B/A**<br>**AZLE CAR WASH; RICHARD L.**<br>**WIGGINS; MARY A. WIGGINS;**<br>**MICHAEL L. WIGGINS;**<br>**DEFENDANTS** | § <br> § <br> § <br> § <br> § | **TARRANT COUNTY, TEXAS** |

I, SANTIAGO SERRANO VARGAS HEREBY CONSENT TO BEING A PARTY TO THE LAWSUIT FILED IN STATE DISTRICT COURT AGAINST FAST INVESTMENTS, LLC D/B/A AZLE CAR WASH; RICHARD L. WIGGINS; MARY A. WIGGINS; AND MICHAEL L. WIGGINS PURSUANT TO THE TEXAS MINIMUM WAGE ACT

SIGNED THIS 24TH DAY OF SEPTEMBER, 2014.

Santiago Serrano
SANTIAGO SERRANO VARGAS